UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------
In re

    JEROME W. BRADIGAN,                               12-13821 B

                                Debtor                  DECISION & ORDER
-------------------------------------------------------

                          Thomas J. Gaffney, Esq.
                          80 West Huron Street
                          Buffalo, New York 14202
                          Attorney for Trustee

                          Joseph A. Price, Esq.
                          71 West Main Street
                          P.O. Box 106
                          Fredonia, New York 14063
                          Attorney for the Debtor

Bucki, Chief U.S.B.J., W.D.N.Y.

      When spouses own property by the entireties, they each hold an undivided interest in the whole. If only one spouse then files a petition for bankruptcy relief, his or her separate interest becomes property of the bankruptcy estate. The issue in this Chapter 7 case is how to value that interest for purposes of estate administration and in determining the reach of the debtor's claim to a homestead exemption.

      Jerome W. Bradigan filed a petition for relief under Chapter 7 of the Bankruptcy Code on December 26, 2012. In schedules filed with his petition, the debtor acknowledged that he and his non-filing wife are the owners of their residence at 10 Holmes Place in Fredonia, New York. The trustee does not now challenge Bradigan's position that the house has a current value of $114,971, and that it is subject to two mortgages with outstanding balances totaling $79,550. To the extent that these numbers are accurate, the homestead at 10 Holmes Place would have equity of $35,421. Asserting that his interest in this

12-13821B                                                                                          2

property should be set for one-half of this value, the debtor has claimed a homestead exemption in the amount of $17,710.50.  The Chapter 7 trustee now objects to the adequacy of this exemption.

Subject to limitations not here relevant, 11 U.S.C. § 522(b) allows the various states to designate the property that a debtor may exempt from administration in a bankruptcy proceeding.  Pursuant to Debtor & Creditor Law § 285, a debtor who files bankruptcy in the State of New York may claim the exemptions specified either in Debtor & Creditor Law §282 or in 11 U.S.C. §522(d).  In the present instance, Bradigan chose to claim the federal exemptions under section 522(d).  Accordingly, pursuant to subdivision 522(d)(1), Bradigan is allowed an exemption for "[t]he debtor's aggregate interest, not to exceed $21,625 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence . . . ."  Having valued his real property interest at $17,710.50, Bradigan contends that he has underutilized the available exemption by the amount of $3,914.50.[1]

Bradigan and his wife own the property at 10 Holmes Place as tenants by the entirety.  In his objection to the debtor's claim of exemption, the Chapter 7 trustee argues that in a tenancy by the entirety, both husband and wife are seized and possessed of the entire estate.  For this reason, the trustee proposes to value the debtor's interest at $35,421, that being the full amount of equity above outstanding liens.  If the debtor's interest were valued at this amount, 11 U.S.C. § 522(d)(1) would provide an insufficient exemption to protect this asset from administration.

---

[1] Although the present dispute involves the valuation of an interest in a homestead, the outcome will impact other aspects of the debtor's exemption strategy.  To the extent that 11 U.S.C. §522(d)(1) is insufficient to exempt the full value of the debtor's real property, Bradigan could instead utilize Debtor and Creditor Law §282 to exempt a homestead value of $75,000.  However, by so shifting from federal to state exemptions, Bradigan would lose the benefit of 11 U.S.C. §522(d)(5), which allows him to exempt "the aggregate interest of any property, not to exceed in value $1,150 plus up to $10,825 of any unused amount of the [homestead] exemption provided under paragraph (1)" of section 522(d).  In schedules filed with his bankruptcy petition, Bradigan relied upon this so-called "wild card" provision to allow exemptions for property valued at $1,150 plus $3,914.50, as the underutilized portion of the federal homestead exemption.

Within New York State, bankruptcy courts have issued conflicting decisions regarding the nature of a debtor's exempt interest in property that is owned with a spouse as a tenant by the entirety.  In *In re Flinn*, 95 B.R. 13 (Bankr. N.D.N.Y. 1988), a husband and wife filed a joint bankruptcy petition.  Because the wife wished to claim a cash exemption that was available only to those who did not assert a homestead exemption, the husband proposed to use his separate homestead exemption to protect the entire equity in the house that they owned by the entireties.  In sustaining the trustee's objection to this claim of exemption, the court ruled that "neither spouse can claim more than their respective, albeit inseparable, interest in the property, which in this case would be one-half [of their equity in the property]."  *Id.* at 16-17.  In contrast, the Bankruptcy Court for the Eastern District of New York has held that for purposes of lien avoidance under 11 U.S.C. § 522(f), each tenant by the entirety "is 'seized' of the entire Property."  Consequently, the court ruled that in the instance where only one spouse files for bankruptcy relief, "his interest in the Property, in the absence of any liens, is equal to the fair market value of the Property." *In re Levinson*, 372 B.R. 582, 588 (2007), *aff'd*, 395 B.R. 554 (E.D.N.Y. 2008). *Accord, In re Heaney*, 453 B.R. 42 (Bankr. E.D.N.Y. 2011).  Although we acknowledge the views expressed in *Levinson* and *Heaney*, this court believes that under New York law, the property interest of any one debtor is more properly set at half of the equity of any homestead owned by the entireties.

Section 541(a)(1) of the Bankruptcy Code states generally that property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."  Meanwhile, section 522(d)(1) allows a debtor to exempt his "aggregate interest, not to exceed $21,625 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence."  The starting point for our analysis, therefore, is to determine the debtor's interest with respect to the homestead that he owns with his non-bankrupt spouse.

The New York Court of Appeals has stated that each tenant by the entirety is "seized of the whole and not of any undivided portion." *Stelz v. Shreck*, 128 N.Y. 263, 266 (1891). *Accord, Matter of Klatzl*, 216 N.Y. 83, 87 (1915), *Matter of Reister v. Town Bd.*, 18 N.Y.2d 92, 95 (1966). This notion of being "seized" of real property derives from the concept of seisin. *See Vanderheyden v. Crandall*, 2 Denio 9 (Supreme Court 1846), *aff'd. sub nom. Wendell v. Crandall*, 1 N.Y. 491 (1848). However, "being seized" constitutes only a partial description of the debtor's interest, which is itself subject to limitations such as the rights of any co-owner by the entirety. Despite being "seized of the whole," neither co-tenant by the entirety has any ability either to mortgage or to convey that whole. Thus, in *V.R.W., Inc. v. Klein*, 68 N.Y.2d 560, 564 (1986), the court observed that "a conveyance by one tenant, to which the other has not consented, cannot bind the entire fee or impair the non-consenting spouse's survivorship interest." Rather, each spouse retains an interest that amounts to less than the whole in which he or she is seized. Thus, in this district, Judge John C. Ninfo, II, concluded that "even when property is held by a husband and wife as tenants by the entirety, each spouse has a separate recognizable interest in the property." *In re Laborde*, 231 B.R. 162, 166 (Bankr. W.D.N.Y. 1999).

No one can dispute that each spouse is seized of the whole property that he or she may own as a tenant by the entirety. The issue in bankruptcy is how to value that unique interest. Although fully seized of the whole, the separate interest of one spouse is subject to rights of the co-owner. By reason of this limitation, we must value the debtor's interest at something less that the interest of a single owner in fee simple absolute. In a tenancy by the entirety, each spouse enjoys an identical form of ownership. Because each has equal claim of ownership, both the debtor and his non-debtor spouse may appropriately divide the homestead's total value for purposes of valuation in bankruptcy.

Mathematically, the total must always equal the sum of its parts. To the extent that husband and wife each hold a recognizable interest in property, their respective individual interests must necessarily equal something less than the whole. To hold otherwise would

invite havoc in those instances where wife and husband file separate and non-joint petitions for bankruptcy relief. Surely, neither of their separate trustees can administer the whole of property held by the entireties, but must accept an allocation as between the two estates. Exemptions, if claimed, would then apply to the allocated interest of each spouse. Similarly, where only one spouse files, he or she may exempt an aggregate interest in that same allocation.

For purposes of determining the exemptible interest in property held by the entireties, we need not here decide whether a spouse can ever justify an unequal allocation based on actuarial or other considerations. In the present instance, Bradigan has asserted a 50 % interest in his homestead. Acknowledging that each spouse must necessarily possess an interest that is something less than the whole, we accept this allocation as presumptively reasonable. With no evidence to compel a different valuation, the court will recognize an interest as stated in the debtor's schedules. Because the debtor has duly claimed a proper exemption for an aggregate interest in that amount, the trustee's objection is overruled.

So ordered.

Dated:      Buffalo, New York        \_\_\_/s/     CARL L. BUCKI_____
              October 29, 2013        Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.